UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004<br><br>AMERICAN CIVIL LIBERTIES UNION<br>FOUNDATION<br>125 Broad Street<br>New York, NY 10004,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>　　　　　　Defendants. | No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate processing and release of agency records requested by Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (collectively "ACLU") from Defendants U.S. Department of Defense ("DoD"), U.S. Department of Justice ("DoJ"), and Federal Bureau of Investigation ("FBI").

2. Plaintiffs submitted a FOIA request ("2008 Request") to the DoD, DoJ, and FBI on April 22, 2008, after several news sources reported that the DoD had delayed the release of a report by the DoJ's Office of the Inspector General ("OIG") concerning FBI involvement in the interrogation of detainees held in Iraq, in Afghanistan, and at Guantánamo Bay.  The 2008 Request sought the release of "all records relating to" the OIG's investigation.

3. Defendants DoJ and DoD have both denied Plaintiffs' request for expedited processing.  None of the Defendants have issued a final determination on Plaintiffs' request for a waiver of search, review and duplication fees.  While a redacted version of the OIG's report was released publicly on May 20, 2008, Defendants have not responded to Plaintiffs' request for records relating to the investigation, nor have they justified the redactions in the report itself.

4. The records that Plaintiffs have sought would aid the public's understanding of the policies that led to the abuse and torture of prisoners in U.S. custody.  Plaintiffs seek an injunction requiring Defendants immediately to process the 2008 Request.

### Jurisdiction and Venue

5. This Court has both subject matter jurisdiction of the FOIA claim and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

### Parties

6. Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan organization with more than 500,000 members dedicated to the constitutional

principles of liberty and equality. The ACLU is committed to ensuring that the treatment of prisoners within U.S. custody is consistent with the government's obligations under domestic and international law.

7.      Plaintiff American Civil Liberties Union Foundation is a separate 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties.

8.      Defendant DoD is a Department of the Executive Branch of the United States Government. DoD is an agency within the meaning of 5 U.S.C. § 552(f)(1).

9.      Defendant DoJ is a Department of the Executive Branch of the United States Government. DoJ is an agency within the meaning of 5 U.S.C. § 552(f)(1). Defendant FBI is a component of DoJ.

**Factual Background**

The 2003 and 2004 FOIA Requests

10.     In October 2003, in response to news reports alleging the mistreatment of detainees in U.S. custody, the ACLU submitted a FOIA request ("2003 Request") seeking records relating to the treatment of individuals detained by the United States after September 11th and held on military bases or in detention facilities outside the United States. The ACLU filed a second, substantively identical request in May 2004 ("2004 Request"). The records that the ACLU has obtained as a result of this litigation are posted on the ACLU's website. *See* http://www.aclu.org/torturefoia; http://www.aclu.org/torturefoia/search. Some of the more significant documents have been compiled in a recently published book. Jameel Jaffer and Amrit Singh,

*Administration of Torture: A Documentary Record from Washington to Abu Ghraib and Beyond* (Columbia University Press 2007).

11.     Among the documents the ACLU received as a result of litigation relating to the 2003 and 2004 Requests are documents in which FBI personnel expressed concern over the interrogation methods being used in Iraq, in Afghanistan and at Guantánamo Bay. These documents, obtained by the ACLU in late 2004, generated national concern about the government's interrogation policies. *See, e.g.*, David Johnston, *More of FBI Memo Criticizing Guantánamo Methods is Released*, N.Y. Times, Mar. 22, 2005; Kate Zernike, *Newly Released Reports Show Early Concern on Prison Abuse*, N.Y. Times, Jan. 6, 2005; Dan Eggen and R. Jeffrey Smith, *New Papers Suggest Detainee Abuse Was Widespread*, Wash. Post, Dec. 22, 2004; Dan Eggen and R. Jeffrey Smith, *FBI Agents Allege Abuse of Detainees at Guantanamo Bay*, Wash. Post, Dec. 21, 2004; *U.S. Pledges New Jail Abuse Inquiry*, BBC News, Dec. 21, 2004; Neil Lewis and David Johnston, *New FBI Files Describe Abuse of Iraq Inmates*, N.Y. Times, Dec. 21, 2004; *FBI Reports Guantanamo "Abuse"*, CNN.com, Dec. 8, 2004; Neil Lewis, *FBI Memos Criticized Practices at Guantánamo*, N.Y. Times, Dec. 7, 2004.

<u>The OIG's Investigation</u>

12.     After the ACLU obtained and publicized the FBI documents, the OIG initiated an investigation into the FBI's involvement in detainee interrogations. The January 2005 announcement of this investigation received widespread media attention. *See, e.g., Justice Department Probing FBI Claims of Prisoner Abuse*, Agence France Presse, Jan. 15, 2005; Carol Rosenberg, *U.S. Examines FBI's Charges of Prison Abuse*, Miami Herald, Jan. 15, 2005; *New Probe Into FBI Allegations of Camp Abuse*, Taipei Times,

4

Jan. 15, 2005; Eric Lichtblau, *Justice Dept. Opens Inquiry into Abuse of U.S. Detainees*, N.Y. Times, Jan. 14, 2005.  There was renewed media interest in anticipation of the report's release in early 2008.  *See, e.g.,* Emma Schwartz, *Report Due on FBI Treatment of Military Detainees*, U.S. News and World Report, Feb. 8, 2008.

13. On April 10, 2008, McClatchy Newspapers reported that the OIG's investigation had been complete for months but that the release of the report had been delayed because of a DoD declassification review.  Marisa Taylor, *Lengthy Pentagon Review Delays Report on Terrorism Interrogations*, McClatchy Newspapers, Apr. 10, 2008 (reporting DoJ Inspector General Glenn Fine's concern that the DoD had not completed its declassification review "in a timely fashion").  Concerned that the DoD was using its declassification review as a pretext for denying the public timely access to the OIG's report, the ACLU filed a FOIA request on April 22, 2008 seeking "all records relating to the . . . OIG[]'s  investigation into the involvement of the . . . FBI . . . in the interrogation of detainees held in Iraq, Afghanistan, and Guantánamo Bay."

14. Plaintiffs sought expedited processing of the 2008 Request on the grounds that there was a "compelling need" for the records sought by the request and because the records were urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged Federal government activity.  5 U.S.C. § 552(a)(6)(E)(v); *see also* 32 C.F.R. § 286.4(d)(3)(ii); 28 C.F.R. § l6.5(d)(1)(ii).  Plaintiffs also sought expedited processing on the grounds that the records sought related to a "matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 32 C.F.R. § 286.4(d)(3)(ii)(A); *see also* 28 C.F.R. § 16.5(d)(1)(iv).

15.     Plaintiffs sought a waiver of search, review, and duplication fees on the grounds that disclosure was "likely to contribute significantly to public understanding of the operations or activities of the government and [was] not primarily in the commercial interest of the requester." *See* 5 U.S.C. § 552(a)(4)(A)(iii); 32 C.F.R. § 286.28(d); 28 C.F.R. § 16.11(k).

16.     Plaintiffs also sought a waiver of search and review fees on the grounds that the ACLU is a "representative of the news media" and the records were not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 32 C.F.R. § 286.28(e)(7); 28 C.F.R. §§ 16.11(d), 16.11(c)(3).

17.     On April 25, 2008, Defendant DoJ sent Plaintiffs a letter acknowledging receipt of the 2008 Request and denying the ACLU's request for expedited processing. The DoJ did not address the ACLU's request for a fee waiver. Defendant FBI sent Plaintiffs a letter on May 8, 2008 acknowledging receipt of the 2008 Request and indicating that the agency had begun a search for the requested records. The FBI did not address the ACLU's request for expedited processing and a fee waiver.

18.     On May 1, 2008, Defendant DoD sent Plaintiffs a letter acknowledging receipt of the 2008 FOIA and denying the ACLU's request for expedited processing. DoD did not state a final determination concerning the ACLU's request for a fee waiver. Instead, it indicated that it had placed the ACLU's request in the "other" fee category, which allows two hours of search time and 100 pages of duplication free of charge. The DoD also indicated that it would conduct this search and make a fee waiver decision based on the results.

19.     On May 20, 2008 the OIG publicly released a redacted version of its report, entitled "A Review of the FBI's Involvement in and Observations of Detainee Interrogations in Guantanamo Bay, Afghanistan, and Iraq." The report discussed concerns raised by FBI agents about interrogation methods that had been used by DoD and CIA personnel; the response of FBI headquarters to the concerns raised by FBI agents; and the response of the DoD, CIA, and other agencies to concerns raised by FBI headquarters and the DoJ. According to the OIG report, the investigation was based on interviews with more than 230 witnesses and a review of more than 500,000 pages of documents.

20.     The OIG's report generated dozens of news stories. *See, e.g.*, Carrie Johnson and Josh White, *Interrogation Tactics Were Challenged at White House*, Wash. Post, May 22, 2008; *What the F.B.I. Agents Saw*, N.Y. Times, May 22, 2008; Eric Lichtblau and Scott Shane, *Report Details Dissent on Guantánamo Tactics*, N.Y. Times, May 21, 2008; Evan Perez, *Detainee Report Findings Detailed*, Wall St. Journal, May 21, 2008; Carrie Johnson and Josh White, *Audit Finds FBI Reports of Detainee Abuse Ignored*, Wash. Post, May 21, 2008; Dan Froomkin, *White House Ignored Torture Warnings*, Wash. Post, May 21, 2008; *Guantanamo: Immoral Ground*, Seattle Post-Intelligencer, May 21, 2008; Devin Montgomery, *FBI Agents Witnessed 'Borderline Torture' of Detainees*, Jurist, May 21, 2008; *Torture in America*, DailyKos, May 21, 2008; Richard Schmitt, *FBI Agents Objected to Military's 9/11 Interrogations, Audit Finds*, L.A. Times, May 20, 2008; Kevin Johnson, *FBI Agents Objected to Interrogation Tactics*, USA Today, May 20, 2008; Michael Isikoff and Mark Hosenball, *'Borderline Torture'*, Newsweek, May 20, 2008; Marisa Taylor, *FBI Agents' Torture Warnings Ignored*,

Houston Chron., May 20, 2008; Lara Jakes Jordan, *Justice: FBI Flagged Mistreatment of Detainees*, Assoc. Press, May 19, 2008; Eric Lichtblau, *FBI Gets Mixed Review in Interrogation Report*, N.Y. Times, May 17, 2008 (anticipating report's content based on confidential sources).

21.     Notwithstanding the OIG's release of a redacted version of its report, none of the Defendant agencies have provided Plaintiffs with any substantive response to the 2008 Request.  Defendants have not responded to Plaintiffs' request for records relating to the investigation, nor have they justified the redactions in the report itself.

## Causes of Action

1.     Defendants' failure to make a reasonable effort to search for records sought by the 2008 Request violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations.

2.     Defendants' failure to make promptly available the records sought by the 2008 Request violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations.

3.     Defendants' failure to grant Plaintiffs' request for expedited processing violates the FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

4.     Defendants' failure to grant Plaintiffs' request for a limitation of fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II), and Defendants' corresponding regulations.

5.     Defendants' failure to grant Plaintiffs' request for a waiver of search, review, and duplication fees violates the FOIA, 5 U.S.C. § 552(a)(4)(A)(iii), and Defendants' corresponding regulations.

**Requested Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Order Defendants immediately to process all records responsive to the 2008 Request;

B.  Enjoin Defendants from charging Plaintiffs search, review, or duplication fees for the processing of the 2008 Request;

C.  Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D.  Grant such other relief as the Court may deem just and proper.

Dated: June 12, 2008

        Respectfully submitted,

        Jameel Jaffer
        Amrit Singh
        American Civil Liberties Union Foundation
        125 Broad Street
        New York, NY 10004
        Phone: 212-549-2500
        Fax: 212-549-2583

        /s/ *Arthur B. Spitzer*
        _____
        Arthur B. Spitzer (D.C. Bar. No. 235960)
        American Civil Liberties Union
          of the National Capital Area
        1400 20th Street, N.W., Suite 119
        Washington, D.C. 20036
        Tel: (202) 457-0800
        Fax: (202) 452-1868

        Counsel for Plaintiffs

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

American Civil Liberties Union
American Civil Liberties Union Foundation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Arthur B. Spitzer
American Civil Liberties Union of the National Capital Area
1400 20th Street, NW, Suite 119
Washington, DC 20036
(202) 457-0800

## DEFENDANTS

United States Department of Defense
United States Department of Justice
Federal Bureau of Investigation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other) OR ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ⊙ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Freedom of Information Act, 5 U.S.C. § 552. Injunctive relief for failure to release requested public records.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE June 13, 2008   SIGNATURE OF ATTORNEY OF RECORD  /s/

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

   I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

   III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

   IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

   VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

   VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.