IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004<br><br>AMERICAN CIVIL LIBERTIES UNION<br>125 Broad Street<br>New York, NY 10004,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>    Defendants. | No. 1:08-cv-01003-RJL |

**DEFENDANTS' ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF**

Defendants Department of Defense ("DoD"), Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") answer the complaint of plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs have failed to exhaust their administrative remedies with respect to DoD's denial of plaintiffs' request for waiver of fees.

## SECOND AFFIRMATIVE DEFENSE

The FBI is not an "agency" within the meaning of the Freedom of Information Act, 5 U.S.C. § 552(f), and is therefore not a proper defendant.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Defendants answer the numbered paragraphs of plaintiffs' Complaint as follows:

1.  This paragraph contains a description of the civil action, to which no response is required.

2.  Defendants admit that plaintiffs made a Freedom of Information Act ("FOIA") request by a letter dated April 22, 2002, to the DoD, DOJ, and the FBI. The remaining allegations in this paragraph contain plaintiffs' characterization of their request and unspecified news reports regarding the status of an investigation by the DOJ's Office of Inspector General, to which no response is required. Defendants respectfully refers the Court to plaintiffs' April 22, 2008 FOIA letter for a full and complete statement of its contents.

3.  Defendants admit that allegations of the first sentence of this paragraph. The allegations in the second sentence of this paragraph contain plaintiffs' legal conclusions, to which no response is required. Defendants refer the Court to defendants' letters for a complete and accurate statements of their contents. With respect to the third sentence, defendants deny, except to admit that (1) OIG issued a public report on its investigation on May 20, 2008, (2) the OIG redacted from the public report information considered classified by federal agencies, and (3) defendants have not yet produced any other documents in response to plaintiffs' request for records relating to the investigation.

4. Defendants deny the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph contain plaintiffs' characterization of the relief which they seek, to which no response is required; but insofar as a response may be deemed to be required, defendants deny.

5. This paragraph contains plaintiffs' allegations concerning jurisdiction and venue, to which no response is required, but insofar as a response may be deemed to be required, defendants deny, except to admit that this Court has jurisdiction exclusively pursuant to 5 U.S.C. § 552(a)(4)(B) and that venue is proper in this district.

6-7. These paragraphs describe the functions and activities of the plaintiffs American Civil Liberties Union ("ACLU") and American Civil Liberties Union Foundation ("ACLUF"), to which no response is required, but insofar as a response may be deemed to be required, defendants lack sufficient information and knowledge to admit or deny.

8-9. Admit.

10. Defendants admit that ACLU filed FOIA requests in October 2003 and May 2004 for documents relating to treatment of detainees; the remaining allegations in the first two sentences of this paragraph contain plaintiffs' characterizations of those requests, to which no answer is required. Defendants respectfully refer the Court to the cited requests for a complete and accurate statement of their contents. With respect to the allegations in the third and fourth sentence, defendants lack sufficient knowledge and information to admit or deny, except to admit that it appears that ACLU has posted some of the records obtained as a result of these prior FOIA requests on its website.

11. The allegations in the first paragraph contain plaintiffs' characterizations of some of the documents obtained by ACLU as a result of its prior FOIA requests, to which no response

is required. Defendants respectfully refer the Court to the cited documents for a complete and accurate statement of their contents. The allegations in the second sentence contain plaintiffs' characterization of news reports allegedly generated by the documents, to which no response is required; but insofar as an response may be deemed to be required, defendants deny.

12. Defendants admit that OIG initiated an investigation into FBI's involvement in the interrogation of detainees. The remaining allegations in this paragraph contain plaintiffs' characterization of the motive for the investigation and the media attention received by the investigation, to which no response is required.

13. The first sentence of this paragraph contain plaintiffs' characterization of a news report by McClatchy Newspaper on the OIG investigation, to which no response is required. Defendants respectfully refer the Court to the cited news report for a complete and accurate statement of its contents. With respect to the last sentence of this paragraph, defendants admit that plaintiffs filed FOIA request dated April 22, 2008. The remaining allegations in that sentence contain plaintiffs' characterization of their request and motive for the request, to which no response is required. Defendants respectfully refer to the Court to the cited letter for a complete and accurate statement of its contents.

14. Defendants admit that plaintiffs requested expedited processing of their FOIA request. The remaining allegations in this paragraph contain plaintiffs' characterization of the grounds cited by plaintiffs for their request for expedited processing, to which no response is required. Defendants respectfully refer the Court to plaintiffs' April 22, 2008 letter for a complete and accurate statement of its contents.

15-16. Defendants admit that plaintiffs requested a waiver of search, review, and duplication fees. The remaining allegations in these paragraphs contain plaintiffs'

characterization of the grounds cited by plaintiffs for their waiver request. Defendants respectfully refer the Court to plaintiffs' April 22, 2008 letter for a complete and accurate statement of its contents.

17. With respect to the first two sentences in this paragraph, defendants admit that DOJ's OIG sent a letter dated April 25, 2008, to plaintiffs. The remaining allegations in these sentences contain plaintiffs' characterization of OIG's letter, to which no response is required. Defendants respectfully refer the court to the cited letter for a complete and accurate statement of its contents. With respect to the allegations in third and fourth sentences of this paragraph, defendants admit that FBI sent a letter dated May 8, 2008, to plaintiffs. The remaining allegations in these sentences contain plaintiffs' characterization of FBI's letter, to which no response is required. Defendants respectfully refer the Court to the cited letters for a complete and accurate statement of their contents.

18. Defendants admit that DoD sent a letter dated May 1, 2008, to plaintiffs. The remaining allegations in this paragraph contain plaintiffs' characterization of DoD's letter, to which no response is required. Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents.

19. Defendants admit that OIG publicly released its report with some redactions information on May 20, 2008, and that the report was based on interviews with more than 230 witnesses and a review of more than 500,000 pages. The remaining allegations in this paragraph contain plaintiffs' characterization of the contents of the report, to which no response is required. Defendants respectfully refer to the Court to the report for a complete and accurate statement of its contents. See http//www.usdoj.gov/org/oig/special/s0805/final.pdf.

20. Defendants deny, except to admit that there were some new reports on the OIG

investigation.

21. Defendants deny, except to admit that (1) OIG issued a public report on its investigation on May 20, 2008, (2) the OIG redacted from the public report information considered classified by federal agencies, and (3) defendants have not yet produced any other documents in response to plaintiffs' request for records relating to the investigation.

The allegations in the five numbered paragraphs under "Causes of Action" contain plaintiffs' conclusions of law, to which no response is required. To the extent a response is deem to be required, defendants deny.

The remainder of plaintiffs' Complaint contain their prayer for relief, to which no response is required.

Wherefore, having fully answered, defendants deny any and all allegations not specifically addressed above and deny plaintiffs are entitled to the relief requested or any other relief whatsoever.

Respectfully Submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

s/Marcia K. Sowles
MARCIA K. SOWLES, DC Bar No. 369455
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7108
Washington, D.C. 20530

Tel.: (202) 514- 4960
Fax: (202) 616- 8470
E-mail:  marcia.sowles@usdoj.gov

Attorneys for Defendants